Michael Cukor
Vincent McGeary
**McGeary Cukor LLC**
7 Dumont Place
Morristown, NJ 07960
(973) 339-7367 Tel.
(973) 200-4845 Fax
www.mcgearycukor.com

*Attorneys for Plaintiff InvenTel Products, LLC*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **INVENTEL PRODUCTS, LLC**<br><br>    **Plaintiff,**<br><br>v.<br><br>**AN & ASSOCIATES, AN COMMERCE, AMAR M. GANDHI and NIRAV GANDHI**<br><br>    **Defendants.** | Civil Action No. _____<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, InvenTel Products, LLC ("InvenTel") by way of Complaint against defendants AN & Associates, AN Commerce, Amar M. Gandhi and Nirav Gandhi ("Defendants"), alleges as follows:

## NATURE OF THE ACTION

This is an action for trademark infringement, copyright infringement, false advertising and unfair competition based on Defendants passing off their product as an InvenTel product using InvenTel's trademarks and television commercial.

## PARTIES

1. Plaintiff InvenTel is a New Jersey limited liability company, with its principal place of business at 300 Roundhill Drive, Suite 1, Rockaway, New Jersey 07866.

2. Upon information and belief, Defendant AN Commerce is a business with a principal place of business at 2740 Slough St Mississauga, ON L4T 1G3, which regularly transacts business throughout the United States, including the State of New Jersey.

3. Upon information and belief, Defendant AN & Associates is a business with a principal place of business at 2740 Slough St Mississauga, ON L4T 1G3, which regularly transacts business throughout the United States, including the State of New Jersey.

4. Upon information and belief, Defendant Amar M. Gandhi is a founder and officer of AN & Associates and AN Commerce, residing at 16 Hummingbird Drive, Scarborough, Ontario M1X1W8, who regularly transacts business throughout the United States, including the State of New Jersey.

5. Upon information and belief, Defendant Nirav Gandhi is a founder and officer of AN & Associates and AN Commerce, residing at 20 Sanagan Rd. Etobicoke ON M9V 1R9, who regularly transacts business throughout the United States, including the State of New Jersey.

## JURISDICTION AND VENUE

6. This action arises under the Trademark and Unfair Competition Laws of the United States Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), the Copyright Laws of the

United States, Section 501 of the Copyright Act of 1976, 17 U.S.C. § 501, the statutory and common law of the State of New Jersey, N.J.S.A. §56:3-13.16, and the New Jersey Consumer Fraud Act, N.J.S.A. §56:8-2, et seq.

7. Jurisdiction of this Court is founded upon 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332(a)(2), 1338(a) and (b), and the supplemental jurisdiction of this Court under 28 U.S.C. § 1367.

8. This Court has personal jurisdiction over Defendants because, on information and belief, Defendants have committed acts of trademark infringement, trade dress infringement, copyright infringement and unfair competition and caused injury within this Judicial District. Upon information and belief, Defendants have purposefully engaged in activities giving rise to the claims asserted in this action, and have purposely availed itself of the privilege of conducting commercial activities in this Judicial District which give rise to the claims asserted herein. Upon information and belief, Defendants also have delivered goods sold under infringing marks into the stream of commerce with the expectation that those goods will be purchased and used by consumers in this Judicial District. Upon information and belief, Defendant have offered for sale and/or sold goods under the infringing marks throughout the United States, including within this Judicial District.

9. Venue is proper within this Judicial District under 28 U.S.C. §§ 1391(b) and (c)(3).

**FACTUAL ALLEGATIONS**

10. Plaintiff hereby incorporates by reference each preceding paragraph as if those were fully set forth at length herein.

11. Plaintiff is engaged in the business of marketing and selling a wide variety of consumer products in this Judicial District and elsewhere through direct response advertising, catalogue, mail order, and Internet sales, and through national retail stores.

12. Plaintiff markets and sells the Dashcam Pro®.

13. Dashcam Pro® is a personal security camera designed for automobiles used by customers worldwide.

*Plaintiff's Intellectual Property*

14. Plaintiff is the owner by assignment of all right, title and interest in United States Trademark Registration 4,876,235 for the mark "DASHCAM PRO" in connection with "dashboard cameras" in International Class 9, and Trademark Registration 5,234,770 for the mark ![DashCam Pro logo] in connection with "dashboard cameras" in International Class 9 (collectively the "Dashcam Pro Marks").  Registration 4,876,235 issued on December 22, 2015 and Registration 5,234,770 issued on July 4, 2017.

15. Plaintiff has invested substantial amounts of money in advertising the Dashcam Pro product nationally including the creation and publication of a television commercial for the Dashcam Pro product featuring Plaintiff's employees (the "Dashcam Pro Commercial").

16. The Dashcam Pro Commercial is a wholly original work of authorship fixed in a tangible medium of expression and is copyrightable subject matter under the Copyright Law of the United States.

17. U.S. Copyright Registration No. PAu003764515, duly issued for the Dashcam Pro Commercial and is valid and subsisting.  Plaintiff is the owner by assignment of all right, title and interest in the Dashcam Pro Commercial.

18. As a direct result of Plaintiff's marketing efforts, the Dashcam Pro product has been extremely successful in the marketplace.

*Defendant's Deception*

19. Upon information and belief, Defendants Amar Gandhi and Nirav Gandhi are brothers that work together to, *inter alia*, sell knock off goods to customers throughout the United States and specifically into New Jersey, using their companies AN & Associates and AN Commerce.

20. As reported on www.bbb.org, AN & Associates has received a Better Business Bureau rating of "F".

21. As shown at www.facebook.com/business/success/an-commerce, AN Commerce is Facebook's biggest and fastest growing client and Nirav Gandhi claims that AN Commerce has gone from a startup to a $100M company in three years as a result of its targeted social media advertising.

22. Upon information and belief, Defendants have been marketing and selling inauthentic Dashcam Pro products to customers throughout the United States and specifically into New Jersey (the "Passed Off Product") under the infringing trademark "CAR DASHCAM PRO" (the "Infringing Mark").

23. Upon information and belief, Defendants also own and operate the following web sites, at least some of which sell and have sold the Passed Off Product under the Infringing Mark: http://magnetphonecable.com, http://cellrizon.com, http://madefrom.us, http://mymakeupbrushset.com, http://kidssmartgpswatch.com, http://iosflashdrive.com, http://ovalbrushset.com, http://androidflashdrive.com, http://myhairstraightenerbrush.com, http://cardashcampro.com, http://bluetoothfitnesswatch.com,

http://outdoorinflatablelounger.com, http://bobbletrump.com, http://99santa.com, http://solarfairyledlight.com, http://ashleyjewels.com, http://getfitnlean.com, http://ramadeals.com, http://florencescoveljewelry.com, http://carelectricblanket.com, http://99doves.com, http://extremewasher.com, http://posturecorrective.com, http://epacificmall.com, http://floorsweeperpro.com, http://ionicshowerhead.com, http://furoshkishoes.com, http://bodykun.com, http://waxingbeans.com, http://perfectsculptbras.com, http://resistancebandstraps.com, http://extremenozzle.com, http://magictoytruck.com, http://braceactive.com, http://extremesnorkelingmask.com, http://myantitheftbackpack.com, and http://feistytoy.com (collectively the "AN Websites").

24. Defendants have been using the Infringing Mark to market and sell the Passed Off Product on the AN Websites and several social media platforms, including, but not limited to Facebook, Twitter, and Instagram.

25. Upon information and belief, Defendants' advertisement using the Infringing Mark has been viewed more than 200,000 times.

26. Upon information and belief, Defendants intentionally markets the Passed Off Product with the Infringing Mark to confuse consumers, benefit from Plaintiff's efforts and the goodwill associated with Plaintiff's products and marks, and did so with full knowledge of plaintiff's rights in the Dashcam Pro Marks. As a result of Defendants' acts, consumers are likely to be confused into believing that the Passed Off Product emanate from, or are sponsored or approved by InvenTel.

27. To further its deception of the public, Defendants' unlawfully posted Plaintiff's Dashcam Pro Commercial on at least some of the AN Websites. Consumers visiting those websites viewed the Dashcam Pro Commercial and then mistakenly believed they were

6

purchasing Plaintiff's authentic "Dashcam Pro" product but were instead sold the Passed Off Product.

28. Defendants never had permission to use the Dashcam Pro Marks or the Dashcam Pro Commercial in connection with the sale of the Passed Off Products.

29. Defendants' acts as recited herein have been undertaken in bad faith so as to compete unfairly with Plaintiff.

30. Defendants' actions have damaged and/or are likely to damage the reputation and goodwill of Plaintiff.

31. Plaintiff is being irreparably injured and monetarily damaged by Defendants' acts.

32. Plaintiff has no adequate remedy at law.

### FIRST CAUSE OF ACTION – TRADEMARK INFRINGEMENT

33. Plaintiff repeats and realleges the allegations of the preceding paragraphs above as though more fully set forth at length herein.

34. This cause of action arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35. The acts of Defendants alleged herein, including their unauthorized marketing, distribution and sale in interstate commerce of the Passed Off Product using Plaintiff's Dashcam Pro Marks, is likely to cause confusion, mistake or deception of purchasers and potential purchasers as to the origin, sponsorship, or approval of the Passed Off Products by InvenTel.

36. Defendants have falsely and misleadingly described and suggested that the Passed Off Products emanate from or are sponsored or approved by InvenTel.

37. Defendants' conduct was and is willful and intentional.

38. As a result of Defendants' infringement, Plaintiff has suffered substantial damages, and will continue to suffer damages, including the loss of goodwill and reputation established by its federally registered marks. The continued loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury from which Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

## SECOND CAUSE OF ACTION – COPYRIGHT INFRINGEMENT

39. Plaintiff repeats and realleges the allegations of the preceding paragraphs above as though more fully set forth at length herein.

40. This cause of action arises under Section 501 of the Copyright Act of 1976, 17 U.S.C. § 501.

41. Defendants have infringed Plaintiff's U.S. Copyright Registration No. PAu003764515 by copying, displaying and transmitting the Dashcam Pro Commercial on the AN Websites including at least the www.ramadeals.com website.

42. All of Defendants' acts, as alleged above, were without Plaintiff's authorization or consent and the complained of acts are willful.

43. Defendants will, on information and belief, continue to infringe upon Plaintiff's rights under §501 of the Copyright Act unless and until they are enjoined by this Court. Plaintiff has been and is likely to continue to be injured unless Defendants are enjoined. Plaintiff has no adequate remedy at law.

## THIRD CAUSE OF ACTION – UNFAIR COMPETITION, FALSE ADVERTISING & FALSE DESIGNATION OF ORIGIN

44. Plaintiff repeats and realleges the allegations of the preceding paragraphs above as though more fully set forth at length herein.

45. This cause of action arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) et seq.

46. By the acts alleged above, Defendants have used in interstate commerce in connection with its goods, a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to mistake or to deceive as to the affiliation, connection or association of Defendants with Plaintiff or as to the origin, sponsorship or approval of the Passed Off Products by InvenTel, and, therefore, has committed unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. Defendants' unauthorized and tortious conduct has also deprived, and will continue to deprive, Plaintiff of the ability to control the consumer perception of its products offered under Plaintiff's marks, placing the value reputation and goodwill of Plaintiff in the hands of Defendants.

48. As a result of Defendants' aforesaid conduct, Plaintiff has suffered commercial damage, and will continue to suffer damages, including the loss of goodwill and reputation.  The continued loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury from which Plaintiff has no adequate remedy at law.  Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

**FOURTH CAUSE OF ACTION – NEW JERSEY TRADEMARK INFRINGEMENT**

49. Plaintiff repeats and realleges the allegations of the preceding paragraphs above as though more fully set forth at length herein.

50. This cause of action arises under N.J.S.A. §56:3-13.16, et seq.

51. The Dashcam Pro marks are also protected by common law.

52. The acts of Defendants alleged herein, including its unauthorized marketing, distribution and sale in interstate commerce of the Passed Off Product using Plaintiff's Dashcam Pro marks is likely to cause confusion, mistake or deception of purchasers and potential purchasers as to the origin, sponsorship, or approval of the Passed Off Product by InvenTel.

53. By using such trademarks, Defendants have falsely and misleadingly described and suggested that Defendant's products emanate from or are sponsored or approved by InvenTel.

54. Defendants' conduct was and is willful and intentional and done with the intent to cause confusion and mistake and to deceive.

55. As a result of Defendants' infringement, Plaintiff has suffered substantial damages, and will continue to suffer damages, including the loss of goodwill and reputation. The continued loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury from which Plaintiff has no adequate remedy at law.  Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

**FIFTH CAUSE OF ACTION – NEW JERSEY CONSUMER FRAUD ACT**

56. Plaintiff repeats and realleges the allegations of the preceding paragraphs above as though more fully set forth at length herein.

57. This cause of action arises under New Jersey Consumer Fraud Act, N.J.S.A. §56:8-2, et seq.

58. The acts of Defendants alleged herein, including their unauthorized marketing, distribution and sale in interstate commerce of the Passed Off Product using Plaintiff's Dashcam Pro Marks and the Dashcam Pro Commercial constitutes an unconscionable commercial practice, deception, fraud, and misrepresentation to the public.

59. Defendants' conduct was and is willful and intentional and done with the intent that others rely on their deception, fraud, and misrepresentation.

60. As a result of Defendants' acts, Plaintiff has suffered substantial damages, and will continue to suffer damages, including the loss of goodwill and reputation.

## JURY DEMAND

61. Plaintiff requests a jury trial of all issues that may be tried to a jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

A. Preliminarily and permanently enjoining Defendants, its agents, servants, employees and attorneys and all those acting in concert or participation with them:

   a. from distributing, advertising, promoting, selling, or offering for sale the Passed Off Product using the Dashcam Pro Marks, or any colorable imitation thereof, or the Dashcam Pro Commercial;

   b. from using the Dashcam Pro Marks and Dashcam Pro Commercial; and

   c. from falsely representing or suggesting that any products Defendants sell or offers for sale are authorized or emanate from InvenTel, or from otherwise falsely advertising, representing or suggesting any connection with InvenTel.

  B. To direct the Defendants to provide an accounting of all profits made by Defendants as a result of Defendants' unlawful conduct;

  C. For an order directing Defendants to pay a judgment in the amount of Plaintiff's actual damages under 25 U.S.C. §1117, 17 U.S.C. § 504 and New Jersey Law, as well as Defendants' profits, and pre- and post-judgment interest pursuant to 25 U.S.C. §1117, 17 U.S.C. § 504 and New Jersey Law, in an amount to be proven at trial;

  D. Requiring Defendants to pay to InvenTel statutory damages, pursuant to 17 U.S.C. § 504(c);

  E. For an award of enhanced damages under 15 U.S.C. §1117, in an amount to be proven at trial, and punitive damages as appropriate;

  F. For an award of pre-judgment and post-judgment interest;

  G. Imposing InvenTel's reasonable attorneys' fees against Defendants because of the exceptional nature of this case, pursuant to 15 U.S.C. § 1117(a) and 17 U.S.C. § 505;

  H. Requiring Defendants to pay to InvenTel punitive damages due to the exceptional circumstances of this case;

  I. For an award of damages under N.J.S.A. §56:8-19, et seq. including treble damages, attorneys fees and costs of suit.

  J. That any third party service providers, including without limitation, web hosting providers, social media or other online service providers (including without limitation, Facebook, Twitter, Instagram, YouTube and Google+), back-end service providers, affiliate program providers, web designers, distributors, search-based online advertising services, and any banks, savings and loan associations, merchant account

providers, payment processors and providers, credit card associations, or other financial institutions which receive or process payments or hold assets on Defendants' behalf (including without limitation, Avangate Inc., Avangate B.V., PayPal, Western Union, PayEase, IPS Ltd., Realypay, WorldPay, Opus Payments, Amazon Payments, Shopify, WorldPay, Money Gram International, WebMoney, Visa, MasterCard, Discover, American Express, Visa Electron, Maestro, Solo, Laser, and Carte Bleue), shall immediately cease or disable providing such services to: (i) Defendants in connection with the sale of products under the Infringing Marks (ii) any and all of the AN Websites displaying the Infringing Marks or the Dashcam Pro Commercial.

K. For an award of such other and further relief, as this Court deems just and appropriate.

Respectfully submitted,

DATED: January 4, 2018         By:    /Michael Cukor/

Michael Cukor
Vincent McGeary
McGeary Cukor LLC
7 Dumont Place
Morristown, NJ 07960
(973) 339-7367 Tel.
(973) 200-4845 Fax
www.mcgearycukor.com
**ATTORNEYS FOR PLAINTIFF**

**INVENTEL PRODUCTS, LLC**